Katherine I. Hartley (ISB No. 11837)
PACIFIC JUSTICE INSTITUTE
P.O. Box 2131
Coeur d'Alene, ID 81616
Tel.: 858-945-6924
khartley@pji.org

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS DEMPSEY, | ) Case No.: |
| Plaintiff, | ) **VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** |
| v. | ) **[42 U.S.C. 2000e et seq.]** |
| BATTELLE ENERGY ALLIANCE, LLC, | ) |
| Defendant. | ) [Demand for Jury Trial] |

Verified Complaint

## OVERVIEW

1. The Plaintiff, Douglas Dempsey ("Mr. Dempsey"), brings this action against Battelle Energy Alliance, LLC., ("Battelle"), or ("Defendant"), a corporation operating in Idaho. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

2. Defendant refused to accommodate, otherwise discriminated against, and subsequently forced Mr. Dempsey to retire because of his religious beliefs.

3. Defendant knew that Mr. Dempsey had sincerely held religious beliefs because he requested a religious accommodation. Defendant nevertheless failed to accommodate and effectively terminated Mr. Dempsey's employment through forced retirement.

## JURISDICTION AND VENUE

4. Battelle is located within this judicial district and division. All the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over Battelle.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threatened to occur in this jurisdictional district and division. The Defendant's place of business is in this district.

7. Plaintiffs' claims for damages and declaratory relief are authorized by 28 U.S.C. §2201-02, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the relief requested.

## PARTIES

### Plaintiff

8. At all times relevant herein, Mr. Dempsey resides in Idaho Falls, Idaho, and was an employee of Defendant Battelle.

**Defendant**

9. Battelle is a company headquartered in Idaho Falls, Idaho, and is the prime contractor for the management and operation of Idaho National Laboratory. At the time of the events giving rise to this Complaint, Mr. Dempsey was employed by Battelle as an experiment manager.

10. Battelle at all times relevant herein was an employer of Mr. Dempsey.

**GENERAL ALLEGATIONS**

11. Mr. Dempsey was hired in January 2006 by Battelle.

12. Mr. Dempsey is a Christian.

13. On September 13, 2021, the Director of Idaho National Laboratory announced its COVID-19 vaccination policy for all Battelle employees.

14. The policy required employees to receive a COVID-19 vaccine as a condition of continued employment.

15. Mr. Dempsey has a sincerely held religious belief that requires him to make all decisions in his everyday life through prayer and reading the Bible.

16. As he does with all decisions in his life, Mr. Dempsey prayed and sought direction from the Bible regarding the COVID-19 vaccine and whether he should take it.

17. Ultimately, Mr. Dempsey decided that taking the COVID-19 vaccine, as with all other vaccines, would be a significant transgression against his beliefs.

18. For this reason, he could not take the COVID-19 vaccination that was mandated by his employer.

19. This is also consistent with Mr. Dempsey's prior behaviors in not taking other vaccines for the last 15 years due to his religious beliefs.

20. Mr. Dempsey submitted a religious accommodation request that clearly stated he prayed and considered Biblical principles in deciding whether he should take the COVID-19 vaccine in light of this new job requirement.

21. As a Christian, Mr. Dempsey is instructed by his faith to seek God through prayer according to 1 Chronicles 16:11, Matthew 7:7-8, and James 1:5. This is an ever-present part of his faith, daily life and decision making.

22. Mr. Dempsey also relies on Romans 15:4, Proverbs 3:5-6, and Proverbs 16:3 as instructive that the Bible should be his guide in making both small and large decisions.

23. Finally, Mr. Dempsey applies biblical principles to situations in his life according to Colossians 3:17, which states, "And whatever you do, in word or deed, do it all in the name of the Lord Jesus, giving thanks to God the Father through Him." The verse particularly guides Christians like Mr. Dempsey to follow the Bible in all he does, every day.

24. This faith background leads to the content of Mr. Dempsey's written request for accommodation and the biblical support therein.

25. In relevant part, Mr. Dempsey's request stated he relied on 1 Corinthians 6:19 which says, "Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God?" His request also cited Acts 5:29, that he "must obey God rather than men." Mr. Dempsey's belief is, and has been for many years, that vaccinations defile his body and change the makeup of his body and God's design.

26. Mr. Dempsey even proposed reasonable accommodations, stating he could continue working as he had successfully done since March 2020 from home, or test himself for COVID-19 before entering any workplace facilities. There was at least one employee in Mr. Dempsey's position who continued to work from home successfully even after the pandemic concluded.

27. Despite working from home, Mr. Dempsey not only performed his job duties excellently, but he specifically obtained "Notable Outcomes" during that time. He was also promoted. His team always met progress milestones despite working remotely, and an accommodation would simply have been to continue with this plan.

28. On October 8, 2021, Battelle denied Mr. Dempsey's request, claiming his "religious references, without more are insufficient grounds upon which one can obtain an exemption."

29. In other words, Battelle rejected Mr. Dempsey's religious beliefs as insincere and non-religious, or a personal preference rather than a bona fide religious belief.

30. Mr. Dempsey appealed the denial of his accommodation request and offered further evidence of his sincerely held religious beliefs.

31. In his appeal, Mr. Dempsey further explained the history of his religious beliefs and how they are evidenced in every aspect of his life. He also further explains that his understanding of the Bible does not allow him to take vaccinations because they may alter God's design for his body.

32. On October 26, 2021, Battelle again denied Mr. Dempsey's request for accommodation, despite his providing Battelle with more information about the sincerity of his beliefs and his conflict with taking the mandatory vaccine.

33. Battelle acknowledged Mr. Dempsey's sincere religious beliefs, but claimed his statements reflect the existence of "personal, philosophical, ethical and moral" statements by a "person who holds deep religious convictions."

34. On December 23, 2021, Battelle denied Mr. Dempsey's final appeal.

35. Battelle denied the legitimacy of Mr. Dempsey's beliefs regarding vaccinations despite Title VII's statutory definition including "all aspects of religious observance and practice, as well as belief."

36. Battelle also asserted that they would "not grant any religious exemptions to persons who prayed for guidance" before entering any type of interactive process with each individual employee.

37. An individual's testimony about his or her belief must be given great weight and is enough to demonstrate sincerity.

38. Battelle could have reasonably accommodated Mr. Dempsey without incurring undue hardship, and in fact never brought up that an accommodation would pose undue hardship.

39. The fact that Mr. Dempsey was willing to enter early retirement despite desperately wanting to keep his job is indication that his religious belief is sincerely held.

40. Mr. Dempsey filed a charge with the Idaho Human Rights Commission on May 14, 2022. The Equal Opportunity Employment Commission (EEOC) then took over his charge.

41. Mr. Dempsey's forced early retirement imposed a financial hardship on him. Mr. Dempsey has incurred over $200,000 in salary and benefit losses due to being forced to retire at least 3 years before he planned to retire.

42. On March 13, 2025, Mr. Dempsey obtained a "Right to Sue" letter from the EEOC. This letter serves as Exhibit A to this complaint.

## CAUSES OF ACTION

### COUNT I
**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Religious Accommodation**

43. Mr. Dempsey hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

44. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

45. An employer is obligated to engage in interactive process, or a meaningful dialogue with an employee regarding a request for religious accommodation.

46. Battelle was Mr. Dempsey's employer within the meaning of Title VII.

47. Mr. Dempsey had a bona fide religious basis to refuse Battelle's vaccination mandate.

48. Battelle did not accommodate Mr. Dempsey's sincerely held religious beliefs.

49. Accommodating Mr. Dempsey would not have resulted in an undue hardship for Battelle, particularly because he was already successfully working from home.

50. Battelle's failure to provide a religious accommodation has harmed and will continue to harm Mr. Dempsey.

51. Mr. Dempsey is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, and a declaration that Battelle violated his rights under Title VII.

52. Mr. Dempsey is entitled to further relief as more fully set forth below in his Prayer for Relief.

### COUNT II
### Violation of The Idaho Human Rights Act (Idaho Code § 67-5909)
### Failure to Provide Religious Accommodation

53. Mr. Dempsey hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

54. The Idaho Human Rights Act requires employers to reasonably accommodate employees' sincerely held religious beliefs and practices unless doing so would impose an undue hardship on the employer.

55. Mr. Dempsey had a bona fide religious basis to refuse Battelle's vaccination mandate.

56. Battelle did not accommodate Mr. Dempsey's sincerely held religious beliefs.

57. Accommodating Mr. Dempsey would not have resulted in an undue hardship for Battelle, particularly because he was already successfully working from home.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Dempsey respectfully prays this Court grant relief as follows:

A. Award Mr. Dempsey back pay;

B. Award Mr. Dempsey front pay, including future wages and benefits;

C. Award Mr. Dempsey other and further compensatory damages in an amount according to proof;

D. Award Mr. Dempsey noneconomic damages, including but not limited to mental suffering;

E. Award to Mr. Dempsey reasonable attorney's fees and costs of suit;

F. Award Mr. Dempsey punitive damages;

G. Enjoin Battelle from enforcing their discriminatory policies;

H. Declare that Battelle has violated Title VII of the Civil Rights Act and the Idaho Human Rights Act; and

I. Grant Mr. Dempsey such additional or alternative relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Mr. Dempsey demands a trial by jury with respect to all claims so triable.

Respectfully submitted this 4th day of April 2025,

/s/ Katherine I. Hartley
Katherine I. Hartley

*Attorney for Plaintiff, Douglas Dempsey*

Verified Complaint

## **VERIFICATION**

I, Douglas Dempsey, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this __11th__ day of April 2025, in the County of __Bonneville__, State of Idaho.

_/s/ Douglas Dempsey_
Douglas Dempsey